**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**ANTWOYN TERRELL**
**SPENCER, # 14781-041,**

                **Petitioner,**

        **vs.**                        **Case No. 14-cv-00056-DRH**

**JAMES N. CROSS,**

                **Respondent.**

**<u>MEMORANDUM AND ORDER</u>**

**HERNDON, Chief Judge:**

      Petitioner, who is currently incarcerated in the Greenville Federal Correctional Institution ("Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his conviction.   The petition was filed on January 16, 2014.   Petitioner filed a virtually identical petition with this Court on November 4, 2013, and it was dismissed with prejudice on November 27, 2013.   *See Spencer v. Cross*, No. 13-cv-1133-DRH (S.D. Ill. 2013) (Docs. 1, 3).   Like the one before it, this petition shall be **DISMISSED**.

**<u>Background</u>**

      Following a jury trial in the District of Minnesota, petitioner was convicted of conspiracy to distribute cocaine and crack, attempted possession with intent to distribute, and money laundering.   *United States v. Spencer*, Case No. 07-cr-174 (D. Minn.).   Petitioner was sentenced to 324 months on January 10, 2009 (Doc. 1,

p. 3).  In his direct appeal, he argued, among other things, that two of his jury instructions (Nos. 20 and 21) were improper (Doc. 333, criminal case).  He also argued that he was entitled to a new trial because of a remark made by his co-defendant's attorney during opening statements, which suggested that petitioner was "hiding behind the Fifth Amendment" by choosing not to testify (*Id.*).  The Eighth Circuit affirmed the conviction and sentence.

Petitioner timely filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  *Spencer v. United States*, Case No. 10-cv-1803 (D. Minn.).  The government was ordered to respond, and his motion was denied on April 15, 2011.  He appealed, but was denied a certificate of appealability by the Eighth Circuit.  *Spencer v. United States*, Appeal No. 11-2319 (8th Cir. Oct. 25, 2011).

**The Habeas Petition**

In the instant case, petitioner raises four grounds for relief.  First, he claims that he was denied due process of law under 28 U.S.C. § 2243 (Doc. 1, p. 6).  Second, he claims that Jury Instruction No. 20 lowered the government's burden of proof on the conspiracy charge by stating that the prosecution had only to prove an agreement to distribute either cocaine or crack, instead of both drugs.[1]  Third, he claims that Jury Instruction No. 21 constructively amended the indictment by instructing that on the conspiracy charge, a defendant must have

---

[1] Petitioner raised this same argument in his prior § 2241 petition.  *See Spencer*, No. 13-cv-1133-DRH (Docs. 1, p. 6).

conspired with any other person.[2]   He argues that the instruction should have required the jury to find that the defendants conspired with one another (Doc. 1, p. 6).   Finally, he claims that his Fifth Amendment rights were violated at trial when co-defense counsel remarked in his opening statement that his client was "not hiding behind the Fifth Amendment" by choosing not to testify, to suggest that Petitioner was (Doc. 1, p. 7) (Doc. 33, criminal case).

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."   Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.   After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and this petition, like the last, must be dismissed.

The Court articulated the applicable legal standard in its dismissal order in petitioner's prior habeas case.   *See Spencer*, No. 13-cv-1133-DRH (Doc. 3, pp. 3-4).   It has not changed.   A person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus.   A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of

---

[2] Petitioner also raised this same argument in his prior § 2241 petition.   *See Spencer*, No. 13-cv-1133-DRH (Docs. 1, p. 6).

the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998);

*Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). Federal prisoners may

utilize § 2241, however, to challenge the legality of a conviction or sentence in

cases pursuant to the "savings clause" of § 2255(e). *See* 28 U.S.C. § 2255(e). The

savings clause allows a petitioner to bring a claim under § 2241, where he can

show that a remedy under § 2255 is inadequate or ineffective to test the legality of

his detention. *Id.*; *see United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir.

2002). The fact that a petitioner may be barred from bringing a second § 2255

petition is not, in itself, sufficient to render it an inadequate remedy. *In re*

*Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing

successive motions does not render it an inadequate remedy for a prisoner who

had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must

demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

The Seventh Circuit recently reiterated the rule that a § 2241 petition can

only be used to attack a conviction or sentence when the § 2255 remedy "is

inadequate or ineffective to test the legality of [the prisoner's] detention." *Hill v.*

*Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (internal citations omitted).

"'Inadequate or ineffective' means that 'a legal theory that could not have been

presented under § 2255 establishes the petitioner's actual innocence.'" *Id.*

(citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport*, 147

F.3d at 608). Actual innocence is established when a petitioner can "admit

everything charged in [the] indictment, but the conduct no longer amount[s] to a

crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

The Court is not persuaded that the § 2255 remedy is inadequate or ineffective to test the legality of Petitioner's detention.  Petitioner does not suggest that the charged conduct is no longer a crime.  Instead, he recycles two arguments that this Court already rejected less than three months ago and the appellate court also rejected in his direct appeal.  These arguments include Grounds 2 and 3 in the present petition, addressing Jury Instruction Nos. 20 and 21 (Doc. 1, p. 6).  Petitioner is foreclosed from raising these arguments again.

He also challenges the opening statement made by his co-defendant's attorney at trial.  However, petitioner unsuccessfully raised this argument in his direct appeal.  Finally, petitioner argues, for the first time, that he was deprived of due process of law under 28 U.S.C. § 2243, but provides no support for this argument.   These claims provide no basis for relief in this § 2241 habeas proceeding.  Accordingly, the petition shall be dismissed with prejudice.

**<u>Sanctions</u>**

Twice in three months, this Court has ruled on virtually the same petition filed by petitioner.  Both petitions were frivolous.  Petitioner stands warned that he will be sanctioned for future frivolous filings, consistent with *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997).  In *Alexander*, 121 F.3d at 315-16, the Seventh Circuit imposed a monetary sanction as well as an order that future filings by the petitioner would be deemed denied on the thirtieth day unless

the Court entered an order to the contrary.   The Seventh Circuit relied on the principle that courts have "inherent powers to protect themselves from vexatious litigation."   *Id*. at 316 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)). *Alexander* involved a prisoner's repetitive and redundant applications to the Seventh Circuit for leave to file a successive § 2255 action.   Like that prisoner, petitioner will be subject to sanctions if he continues to file claims that are clearly foreclosed or frivolous.

**<u>Disposition</u>**

To summarize, petitioner has not demonstrated that § 2255 is an inadequate remedy for his current claims, and consistent with *In re Davenport*, Petitioner cannot raise these claims through a § 2241 petition.  *Davenport*, 147 F.3d 605 (7th Cir. 1998).   Accordingly, the petition is summarily **DISMISSED** with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal.   *See* FED. R. APP. P. 24(a)(1)(C).   If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724,

725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).   A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.   It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: February 10, 2014**

Digitally signed by
David R. Herndon
Date: 2014.02.10
10:39:28 -06'00'

**Chief Judge**
**United States District Court**